NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRANDT<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUDITH HAMILTON<br><br>　　　　　Defendants. | CIVIL NO. 05-1194 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief can be Granted by Defendant Judith Hamilton (docket entry # 11). The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, DENIES Defendant's Motion.

I. BACKGROUND OF THE CASE

The Plaintiff, John Brandt, is a patient of the Anne Klein Forensic Center ("AKFC"). (Def. Br. at 3.) Mr. Brandt was involuntarily civilly committed to this institution, pursuant to N.J.S.A. 30:4-27.10, after being found not guilty by reason of insanity. (Id.) Ms. Hamilton, the Defendant, is employed as an instructor and counselor in the AKFC library. (Id.)

On October 24, 2004, Mr. Brandt states that he was attempting to file a lawsuit against AKFC and its staff for damages resulting from alleged violations of his constitutional rights. (Complaint at ¶¶ 2 - 5.) He claims that he asked Ms. Hamilton to photocopy some legal documents in furtherance of his lawsuit. (Id. at ¶ 6.) Mr. Brandt asserts that Ms. Hamilton initially refused to copy the documents in question after realizing their nature, and further informed him that, pursuant to institution rules, a patient may only have five sheets copied per day. (Id. at ¶¶ 7 - 11.) When he attempted to have other patients each submit five pages of his documents to be photocopied, thereby complying with the institution's copying limits, Mr. Brant claims that Ms. Hamilton maintained her refusal to copy any of these papers and, when he became agitated at her refusal, had him forcibly removed from the library and threw his legal papers in the garbage. (Id. at ¶¶ 12-18.) On March 3, 2005, the Plaintiff filed a complaint in federal court, alleging that Ms. Hamilton's actions violated his constitutional rights under 42 U.S.C. § 1983 by denying him his First and Fourteenth Amendment rights of access to the courts.

## II. DISCUSSION

On August 9, 2005, the Defendant moved to dismiss this matter for failure to state a cause of action. In their brief, the Defendant presents three arguments to support their claim: (1) that the Plaintiff failed to plead a constitutional violation since AKFC allows patients to photocopy a limited number of documents; (2) that, because the Plaintiff is institutionalized in the care of the State, the alleged actions of the Defendant are protected by the professional judgment and deliberate indifference standards; and (3) that the Defendant is entitled to qualified immunity for her actions. In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court must presume that all allegations in the complaint must be taken as true and viewed in the light most favorable to the complainant.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). Consistent with this standard, the Court will review each of the Defendant's arguments in turn.

**A.     The Defendant's First Two Arguments Fail to Address the Injury Being Alleged**

The Defendant's first argument is that, because AKFC permits its patients to photocopy up to five pages of documents per day, there was no violation of the Plaintiff's constitutional rights. (Def. Br. at 7.)  This argument, however, fails to address the substance of the Plaintiff's claims.  The Plaintiff's claim is that the Defendant refused to copy the Plaintiff's documents at all and then discarded these documents, denying him his constitutional right of access to the courts.  These alleged actions are the source of the Plaintiff's claim - not whether or not AKFC's policies limiting the number of pages a patient may photocopy in a day were constitutionally reasonable.  Accordingly, this argument by the Defendant is inapplicable to the issues currently before the Court.

The Defendant's second argument is that, as a patient who is involuntarily confined to an institution, the Plaintiff's constitutional rights may be subjected to some level of limitations as balanced against the needs of the institution to maintain safety and order.  (Def. Br. at 14-15.)  In striking this delicate balance, courts are properly directed to minimize their interference with the professional judgment which governs the internal operations of facilities such as AKFC.  See Youngberg v. Romeo, 457 U.S. 307, 322 (1982).  The Defendant claims that the institution's decision to limit patients to five copies per day falls within the accepted professional judgment of

3

the administrators responsible for the AKFC facility and should not be "second guessed" by the courts under Youngsberg. (Def. Br. at 15.) Again, this argument misses the substance of the Plaintiff's allegations. The basis of his constitutional claims is that Ms. Hamilton allegedly denied to photocopy any of his legal documents, and then subsequently destroyed them, not the reasonableness of AKFC's existing policies regarding patients' access to photocopying services.

The Defendant's other arguments under this doctrine are similarly inapplicable to the current case. The fact that, as the Defendant noted, the Plaintiff was eventually able to access the courts and file this suit has no bearing on the question of whether his rights were violated as a result of the alleged incident with Ms. Hamilton. The application of the deliberate indifference standard under Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000), is similarly inapposite here. The Plaintiff is not alleging that Ms. Hamilton negligently failed to affirmatively protect his rights as a ward of the State, which would fall under the Nicini standard. The Plaintiff is alleging a deliberate and intentional action to deprive him of a constitutional right. Such actions would not fall under the Nicini standards.

**B.      Defendant is Not Entitled to Qualified Immunity for the Actions Being Alleged by the Plaintiff**

The defense of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The right of access to the courts is a well established right. See Wolff v. McDonnell, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . assures that no

person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). The Plaintiff alleges that the Defendant directly interfered with this well established right by refusing to photocopy and subsequently discarding his legal papers.

The Supreme Court has consistently upheld the right of prison inmates to have access to the courts in order to redress their grievances. See, e.g., Bounds v. Smith, 430 U.S. 817, 821 (1977). Persons under civil commitment proceedings are entitled to at least the level of protections for their basic constitutional guarantees as convicted inmates. See 53 Am. Jur. 2d Mentally Impaired Persons § 86 (2005) ("A person under commitment is entitled to protection of his or her right of access to the courts, regardless of whether he or she has been committed following criminal proceedings, or civilly committed on grounds of dangerousness."). See, e.g, Ward v. Kort, 762 F.2d 856, 858 (10th Cir. 1985) ("[A] person under a mental commitment[] is entitled to protection of his right of access to the courts."); Acevedo v. Surles, 778 F.Supp. 179, 184 (S.D.N.Y. 1991) (holding mental patients have First Amendment right to access to courts); Robbins v. Budke, 739 F.Supp. 1479, 1485 (D.N.M. 1990) (same). The Court is satisfied that Plaintiff is claiming violation of a sufficiently well established right that a reasonable person would have known that the actions being alleged here would constitute a violation of Mr. Brandt's constitutional rights. Therefore, Ms. Hamilton would not be entitled to qualified immunity for the actions being alleged here.

### III. CONCLUSION

For the reasons stated above, and for good cause shown, the Court DENIES Defendant's

Motion to Dismiss.  An appropriate form of order will be filed herewith.


Date:   October 17, 2005

                                                                    s/Stanley R. Chesler
                                                                Stanley R. Chesler, U.S.D.J.